**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────
ONEBEACON AMERICA INSURANCE COMPANY
*as subrogee of the Garrett Hotel Group, Inc*.,

                          Plaintiff,

      - v -                                                           Civ. No. 8:07-CV-900
                                                                                (GLS/RFT)

COMSEC VENTURES INTERNATIONAL, INC.,
and MAHONEY NOTIFY-PLUS, INC.,

                        Defendants.
───────────────────────────────────────────

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

      On August 31, 2007, OneBeacon America Insurance Company (hereinafter "OneBeacon") commenced a subrogation action against the Defendants (hereinafter "Comsec" and "Mahoney"), alleging various common law causes of action. Dkt. No. 1, Compl. Briefly the factual basis alleged in the Complaint is: One Beacon provided insurance to the Garrett Hotel Group, Inc., (hereinafter "Garrett" ), who owns the Lake Placid Lodge. At some time prior to December 15, 2005, Garrett entered into a contract with Comsec to design, install, maintain, and monitor a fire alarm system for the Lodge that possessed wireless communication features. Similarly, prior to December 15, 2005, Garrett entered into a contract with Mahoney to assume Comsec's responsibilities to serve, maintain, and monitor the alarm system. On December 15th, a major conflagration occurred at the Lodge. The fire was discovered by Garrett's employee who manually pulled an alarm box, which was connected to the system. Although the alarm sounded at the Lodge, the central monitoring station did not receive an alarm signal from the system in order to notify the fire department. The fire department's response to the Lodge was delayed to such an extent that the fire became an inferno

causing significant damage, destroying the real property, and interrupting the business for a appreciable period. *See generally* Compl. "Had the alarm system been properly designed, installed, tested, maintained, and monitored and fully operational on the day of the fire, and had defendants given immediate notification of the fire to the fire department the damages sustained would have been greatly minimized." *Id*. at ¶ 18. To date, OneBeacon has paid Garrett in excess of $7,000,000 for the property and business damage, and they claim damages may exceed $12,000,000. Dkt. No. 13, Pl.'s Mem. of Law, dated Oct. 22, 2007 at p. 1, n.1; Compl. at ¶ 18. Against Comsec, OneBeacon has pled four causes of action: negligence (Count I), breach of expressed and implied warranties (Count II), breach of contract (Count III), and consumer fraud and misrepresentation (Count IV). Compl. at ¶¶ 21-36. The same causes of action are pled against Mahoney: negligence (Count V), breach of warranties (Count VI), breach of contract (VII), and consumer fraud and misrepresentation (Count VIII). *Id*. at ¶¶ 37-52. The Complaint also has a provision that alleges that Comsec's and Mahoney's conduct "caused indivisible damages" and that "each Defendant is jointly and severally liable for said damages." *Id*. at ¶ 54.

Rather than file an answer, Comsec filed a Motion for a More Definite Statement, pursuant to FED. R. CIV. P. 12(e). Dkt. No. 7. OneBeacon opposes the Motion. Dkt. Nos. 13, Pl.'s Mem. of Law, & 14, John Galligan, Esq., Aff., dated Oct. 22, 2007. Mahoney joins Comsec's Motion by filing an Affidavit in support. Dkt. No. 18, Cathleen Giannetta, Esq., Aff., dated Nov. 8, 2007.

Comsec indicates that "there were several discrete contracts between Garrett and Comsec relating to (1) sales and installation; (2) central monitoring; (3) preventive maintenance; (4) command center subscription; and (5) individual service calls." Dkt. No. 7-3, Thomas J. O'Connor, Esq., Aff., dated Oct. 9, 2005, at ¶ 16. Mahoney avers that much like Comsec there were multiple

contracts between it and Garrett. Dkt. No. 18 at ¶ 3. Both Defendants assert that the Complaint fails to differentiate amongst the several and respective contracts between them and Garrett and the "aggregation" or the "amorphous merging" of all of these contracts and theories of liability make it impossible to frame appropriate responsive pleadings, with available defenses. Dkt. Nos. 7-3 at ¶ 17, & 18 at ¶¶ 4-6. Therefore, these Defendants ask this Court to direct OneBeacon to amend the Complaint and allege in separate counts each claim with respect to each discrete contract between Garrett and Comsec and Garrett and Mahoney. Dkt. No. 7-3 at ¶ 18.

Federal Rule of Civil Procedure 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[1] Motions for a more definite statement are generally disfavored by the courts because of their dilatory effect. *In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (citations omitted); *accord Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002); *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 105 F. Supp. 2d 56, 65 (E.D.N.Y. 2000). However, the Second Circuit has also acknowledged that a motion for a more definite statement is an appropriate mechanism to balance the Circuit's direction regarding the liberal reading of pleadings and the needs of a respondent to address the merits of a claim. *See Phillips v. Girdich*, 408 F.3d 124, 128-29 (2d Cir. 2005); *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) (noting that liberal reading of the pleading is applicable to "the self-represented and counseled plaintiff alike").

Subsumed within a Rule 12(e) motion, as suggested by Comsec, are Rules 8 and 10 reviews. FED. R. CIV. P. 8 & 10. Rule 8 provides that a pleading which sets forth a clam for relief shall

---

[1] Rule 12(e) also requires that the "motion must be made before the filing of the responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e).

contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

    Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]

The purpose of Rule 10 has always been to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)). Generally, if a complaint fails to comply with the requirements of Rules 8 & 10, the court has the authority to dismiss the complaint, *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), but should afford the complainant an opportunity to amend the complaint so that it may be in compliance, *see Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). Rather than subject our Complaint to the prospect of a dismissal for failure to abide by Rules 8 & 10, in the context of our case and this Motion, these rules are only being considered in our determination of whether an amended or corrective complaint is warranted.

    It is understood that there is a proscription against technical form pleadings. *Jackson v. New York State*, 381 F. Supp. 2d 80, 88 (N.D.N.Y. 2005) ("[W]e have traveled too far in the direction of modern pleading to return to the rigid pleading rules of the past.") (citing *Conley v. Gibson*, 355 U.S.

41, 47-48 (1957). These Rules command us "never to exact to exact form over substance." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (quoting *Phillips v. Girdich*, 408 F.3d at 128). Hence technical irregularities and deficiencies may "be excused as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Jackson v. New York State*, 381 F. Supp. 2d at 85-86 (citing *Wynder v. McMahon*, 360 F.3d at 79).

With reference to this Rule 12(e) Motion, we will heed the instruction provided by United States District Judge Shira Scheindlin that

> [t]he essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose. . . . The Rule is designed to remedy unintelligible pleadings, not to correct for lack of detail. A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. . . . The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.

*In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005 (internal citations and quotation marks omitted).

Comsec and Mahoney's Motion identifies that there may be multiple contracts at play in this litigation. In their view, "these contracts constitute separate transactions and the complaint should denote from what transaction each claim arises to facilitate a clear presentation of the matters[.]" Dkt. No. 7-2, Comsec's Mem of Law at p. 4. The Complaint only mentions a single contract with each Defendant. Compl. at ¶¶ 29 & 45 ("Plaintiff's insured entered into **a** written contract") (emphasis added). OneBeacon is confident that they have filed an adequate Complaint and have limited their advocacy to asking the Court to determine if it is so vague and ambiguous that it requires further definition. With all of the pleading standards in mind, we will examine the Complaint.

The Court has carefully scrutinized OneBeacon's Complaint. First, we can definitely state

that there are no deficiencies under Rules 8 & 10. The allegations are clear and specific enough to give Defendants' notice. The pleading is uncluttered. Moreover, there are sufficient facts stated to support each and every claim presented against the respective Defendants, Comsec and Mahoney. We gainsay that the Complaint is so excessively vague and unintelligible that the Defendants are seriously prejudiced and thus unable to file an answer. This Complaint is not so amorphous that the Defendants cannot decipher what is being alleged against them. Neither are they so handicapped that they cannot make the appropriate admission, denials, and plead the relevant defenses. While it may have been helpful to the Defendants for OneBeacon to have listed the multiple contracts and stated them independently as they request, it appears that OneBeacon has not accepted their invitation to do so.[2] After discussing this matter with Mahoney's attorney, *see* Dkt. No. 18 at ¶ 6, and further discussion during the Rule 16 Conference held on January 9, 2008, OneBeacon was not persuaded by Defendants' overtures to correct the Complaint to include a more definite statements to their liking.

In order for this Court to find that a more definite statement is required, we would have to accept the proposition that there are indeed multiple contracts involved in the litigation, as represented by Defendants, converse to the text of the Complaint that identifies single contract(s), which would probably be in contravention of OneBeacon's theory of the case at this stage of the litigation. We note, however, whether the parties entered into several contracts or just one, the

---

[2] Relying upon this District's Local Rule 7.1(b)(2) and 7.2, OneBeacon argues that the Motion should not be considered since Comsec did not attempt to meet and confer with it and/or the Magistrate Judge before filing this Motion. Dkt. No. 13 at pp. 3-4. Conversely, Comsec asks this Court to dispense with the meet and confer requirements. Dkt. No. 7-3 at ¶ 20. Although Comsec did not technically comply with our Local Rules, notwithstanding OneBeacon's overtures to do so, yet considering that the Federal Rules require an immediate filing of a motion for a more definite statement before responsive pleadings are due, it was reasonable for Comsec to proceed expeditiously in filing this Motion. We suspect that whether the parties conferred among themselves or with this Court no agreement would have been struck. Nonetheless, by a Text Order, dated Oct. 11, 2007, we excused Comsec from the 7.1(b)(2) meet and confer requirement.

Complaint clearly alleges, on its face, that there was a breach of a contract and warranties as well as negligent conduct on the part of the Defendants.

All of the elements of the various causes of actions and related facts are clearly stated. The general nature and the incident have been clearly recited. Comsec and Mahoney are not lacking any notice as to what occurred, what omissions and commissions are attributable to them, and the nature of the damages. If we accept Defendants' propositions as true, what may be lacking are more details. But greater details can be garnered by exploiting the discovery process. In fact, it is the "preferred" course of action. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 2005 WL 1500893, at *2. Through interrogatories and document productions, Defendants will be able to discern the factual basis of the action.

Accordingly, it is hereby

**ORDERED**, that Comsec's Motion for a More Definite Statement (Dkt. No. 7) is **denied**; and it is further

**ORDERED**, that Defendants serve and file their answers on or before February 1, 2008.

**IT IS SO ORDERED**.

Date:   January 17, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge