**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ONEBEACON AMERICA INSURANCE COMPANY,** as subrogee of The Garrett Hotel Group, Inc.,

         **Plaintiff,**           8:07-cv-900
                                     (GLS\RFT)

      **v.**

**COMSEC VENTURES INTERNATIONAL, INC.** and **MAHONEY NOTIFY-PLUS, INC.,**

         **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Cozen, O'Connor Law Firm | JOHN B. GALLIGAN, ESQ. |
| The Atrium | MICHAEL J. IZZO, ESQ. |
| 1900 Market Street, 3rd Floor | STEVEN K. GERBER, ESQ. |
| Philadelphia, PA 19103 | |
| | |
| Hacker, Murphy Law Firm | JAMES E. HACKER, ESQ. |
| 7 Airport Park Boulevard | |
| Latham , NY 12110-0104 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Napierski, Vandenburgh Law Firm | THOMAS J. O'CONNOR, ESQ. |
| 296 Washington Avenue Extension | ASA S. NEFF, ESQ. |
| Albany, NY 12203 | |
| | |
| Wilson, Elser Law Firm | CATHLEEN GIANNETTA, ESQ. |
| 3 Gannett Drive | THOMAS A. LEGHORN, ESQ. |
| White Plains, NY 10604 | BERNICE E. MARGOLIS, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff OneBeacon America Insurance Company brought this diversity action as the subrogee of the Garrett Hotel Group, seeking compensation for fire damage incurred to Garrett's property.  OneBeacon asserted claims for negligence, breach of contract, breach of warranty, consumer fraud, and misrepresentation.  (Dkt. No. 1.)  On January 7, 2010, the court denied in part and granted in part Mahoney's motion for summary judgment, dismissing all of OneBeacon's claims except its claim for negligence.  (Dkt. No. 64.)  Pending is Mahoney's motion for reconsideration.  (Dkt. No. 66.)  For the reasons that follow, the motion is denied.

## II. Standard of Review

The standard of review applicable to a motion for reconsideration is well established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Lust v. Joyce*, No. 1:05-CV-613, 2007 WL 3353214, at *1 (N.D.N.Y. Nov. 9, 2007).

2

## III. **Discussion**[1]

Mahoney offers three arguments in support of its motion for reconsideration, all of which were previously presented and considered by the court, and none of which demonstrate an intervening change in controlling law, the existence of newly available evidence, a clear error of law,[2] or manifest injustice. Its arguments are therefore insufficient to merit the grant of reconsideration. *See C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995); *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (noting that a motion for reconsideration is not an

---

[1] The relevant facts are recited in the court's January 7, 2010 Memorandum-Decision and Order, and will not be repeated here. For a complete discussion of the factual and procedural background, see *OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.*, No. 8:07-cv-900, 2010 WL 114819, at *1-3 (N.D.N.Y. Jan. 7, 2010).

[2] Mahoney principally challenges the court's ruling as to the applicability of the Monitoring Agreement and its merger and limitations of liability clauses. To be clear, the court did not intend to suggest that the Agreement is inapplicable to OneBeacon's negligence claim as a matter of law. Instead, the court aimed to convey that, in its view, the Agreement is not sufficiently clear on its face to preclude a negligence claim based on conduct predating the Agreement's execution. Absent this clarity, it is for a jury to decide whether Garrett and Mahoney, the contracting parties, intended the Agreement to limit liability as to such conduct. *See GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, No. 06 Civ. 5693, 2009 WL 3459187, at *14 (S.D.N.Y. Oct. 27, 2009) ("Where the intent of the parties is not clear from the language of the contract itself ... it is a question of fact to be decided by the jury."); *see also N.Y. State Law Officers Union v. Andreucci*, 433 F.3d 320, 331 (2d Cir. 2006) ("Where ... the intent of the parties cannot be determined from the contractual language itself, the ambiguity presents a question of fact to be resolved by a jury."); *Marine Transp. Lines, Inc. v. Int'l Org. of Masters, Mates & Pilots*, 878 F.2d 41, 44 (2d Cir. 1989) ("The intent of the parties to a contract is, there is little doubt, a question of fact."), *cert. denied*, 493 U.S. 1022 (1990).

opportunity for "a second bite at the apple"); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Accordingly, Mahoney's motion for reconsideration is denied.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Mahoney's motion for reconsideration (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 19, 2010
Albany, New York

_____
United States District Court Judge

4